CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>) | Criminal Action No. 5:04CR30018-007 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER JASON PARKER,<br>Defendant. | )<br>) | By: Hon. Glen E. Conrad<br>United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not receive the benefit of the amendment.

On February 1, 2005, the defendant, Christopher Jason Parker, pled guilty, pursuant to a written plea agreement, to one count of conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). In the plea agreement, the government agreed to recommend a sentence at the low end to middle of the applicable guideline range. The defendant was sentenced on May 5, 2005. Under the advisory sentencing guidelines, the defendant had a total offense level of 35 and a criminal history category of IV, resulting in a guideline range of imprisonment of 235 to 293 months. The defendant was ultimately sentenced to a 105-month term of imprisonment, after the government filed a motion for substantial assistance on his behalf.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that crack cocaine quantities were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3,

2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 33, resulting in a guideline range of imprisonment of 188 to 235 months. On February 22, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 105 months to 84 months. The government subsequently objected to the proposed sentence reduction, and the defendant has now filed his response. For the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

The government makes four objections to the proposed reduction. The government notes that the defendant's offense conduct was of an aggravated nature, that the defendant's criminal history is relevant to the defendant's future danger to public safety, and that the defendant was previously treated with substantial leniency when he was originally sentenced. The court finds, however, that all of this information was available to both the parties and the court at the time of sentencing and was fully taken into account when fashioning a proper sentence in this case. Consequently, the court is unable to conclude that the defendant's offense conduct, criminal history, or his prior sentence should now prevent him from benefitting from the amended guidelines.

The government also asks the court to consider the defendant's prison disciplinary record in determining whether to grant him a sentence reduction under the amended guidelines. The court notes that the defendant has been disciplined on several occasions while incarcerated for the instant offense for conduct including refusal to provide a urine sample, smoking where prohibited,

2

disobeying staff orders, being present in an unauthorized area, lying or providing a false statement, and fighting with another individual. Although the court agrees that the defendant's conduct while in prison has been less than exemplary, the court finds that, on each occasion, the defendant was properly disciplined by prison officials. As a result, the court finds that the defendant's disciplinary record does not constitute a sufficient basis upon which to deny him the benefit of the amended guidelines.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10, as amended, the court will reduce the defendant's sentence to 84 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 15th day of April, 2008.

_____
United States District Judge